# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| JEFFREY JOHN BECKER, | |
| Plaintiff, | No. C14-3051-MWB |
| vs. | |
| FORT DODGE CORRECTIONAL FACILITY and IOWA DEPARTMENT OF CORRECTIONS, | **ORDER** |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket nos. 2, 3, 4 & 5) and motion for appointment of counsel (docket no. 6). The plaintiff filed such application and motion on August 29, 2014. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1).

### *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis and certificate of inmate account, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails

to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $2.07. *Id*. The plaintiff shall submit $2.07 by no later than November 28, 2014. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in some federal actions, it is not required to appoint an attorney. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th

Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996) (same); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that assistance of counsel is warranted. Therefore, the plaintiff's request for counsel shall be denied.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness);

3

*Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. CLAIM ASSERTED

Currently confined at the Fort Dodge Correctional Facility in Fort Dodge, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> On March 1, 2014 at approximately 6:00 a.m. in the morning [while I was] sleeping, [I] rolled off the top bunk and injured my head and back. (emergency had [to put] 9 staples [in] the back of my head).

Further, documents that the plaintiff included with his complaint indicate the following: (1) the plaintiff has been confined within the Iowa Department of Corrections since December 6, 2013; (2) the plaintiff has been at the Fort Dodge Correctional Facility since February 21, 2014; (3) the plaintiff initially received a bottom bunk, but he was assigned a top bunk on February 28, 2014; (4) the top bunk is approximately six feet from the ground and does not have a safety rail to prevent a person from falling out of bed; (5) while sleeping, the plaintiff fell out of his bed and hit his head on a steel table and the floor; (6) the plaintiff suffered two cuts to the back of his head; (7) the plaintiff received outstanding assistance from correctional officials; (8) at the local emergency room, the plaintiff received medical attention, including a cat scan, x-rays and staples; (9) since the incident, the plaintiff has experienced dizziness throughout the day, headaches, sharp pain in the back of his head, shaking in his left hand, concentration problems, comprehension problems, speech problems, lower back pain and neck pain; (10) the plaintiff has not had any follow-up with the doctor or medical staff; (11) on June 1, 2014, the plaintiff asked medical for a lower bunk restriction because he fell out of his top bunk and feels unsafe;

(12) on the same date, Betty Ploeger denied the plaintiff's request for a bottom bunk because he did not have a medical indication that required a lower bunk restriction; and (13) there may be a regulation within the Iowa Department of Corrections to have a safety rail on the upper bunk bed.[1] As relief, the plaintiff states that he wants monetary compensation as a result of sustaining injuries and being in an unsafe situation.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510

---

[1] The Iowa Department of Corrections provides its policies online: http://www.doc.state.ia.us/Policies.asp. A review of such policies did not reveal a policy that addresses bunk beds. And, there seems to be some indication from courts that have addressed the use of guard rails that correctional officials are concerned that guard rails could be removed and turned into a weapon or used as a ligature.

5

U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. As a preliminary matter, the court notes that "[no] action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Washington v. Uner*, 273 F. App'x 575, 576-77 (8th Cir. 2008) (applying § 1997e(a)). Proper exhaustion of administrative remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (quoting *Porter*, 534 U.S. at 525). And, despite the fact that exhaustion is an affirmative defense that a defendant bears the burden of proving, a court may still raise the issue of exhaustion sua sponte if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007) (clarifying that a complaint cannot be dismissed sua sponte for failing to plead and prove exhaustion but failure to exhaust can be a basis for dismissal for failure to state a claim if the allegations in the complaint suffice to establish that ground). The plaintiff acknowledges in his complaint that there is a prisoner grievance procedure that is available

to him in the Fort Dodge Correctional Facility and that he did not present any facts relating to his confinement at the Fort Dodge Correctional Facility in the available grievance procedure. Because the plaintiff's complaint demonstrates that he did not comply with 42 U.S.C. § 1997e(a), dismissal is appropriate.

Moreover, the plaintiff's allegations regarding his safety fail as a matter of law. *See Davis v. Or. Cnty.*, 607 F.3d 543, 548 (8th Cir. 2010) ("A prison official is deliberately indifferent if he 'knows of and disregards' a substantial risk to an inmate's safety." (quoting *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009))). The plaintiff's complaint clearly indicates that the plaintiff suffered an injury as a result of accidentally falling out of bed. But, mere negligence on the part of prison officials violates neither the Fourteenth Amendment nor the Eighth Amendment. *See Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (stating that mere negligence is insufficient to establish a violation of the Eighth Amendment); *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ("[N]egligence is inappropriate as an Eighth Amendment standard."); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (analyzing allegation that plaintiff "slipped and fell" because of water on the floor); *Givens v. Jones*, 900 F.2d 1229, 1232 (8th Cir. 1990) (stating that the Eighth Amendment does not protect against mere acts of negligence on the part of prison officials); *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (concluding mere negligence in relation to medical treatment does not rise to a constitutional violation); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) (stating mere negligent failure to diagnose or treat a condition does not give rise to a valid claim of mistreatment). The plaintiff's contention that his bunk should have had a guard rail on it is akin to an allegation that the defendants acted negligently. Indeed, there is no allegation that the plaintiff required different sleeping arrangements prior to March 1, 2014, that the plaintiff has had any problems associated with being assigned to a top bunk since March 1, 2014, that other bunk beds within the Fort Dodge Correctional Facility have guard rails, that anyone was aware the plaintiff's top bunk bed was missing a guard

rail or that inmates routinely fall out of bed and hurt themselves. *Cf. Phillips*, 437 F.3d at 795-96 (determining that genuine issue of material fact existed as to whether jail employees failed to properly administer plaintiff's anti-seizure medication and improperly assigned him to a top bunk despite plaintiff's known seizure disorder). Consequently, the record establishes that no constitutional violation occurred.

Additionally, the plaintiff only names the Fort Dodge Correctional Facility and the Iowa Department of Corrections as defendants in this action. Neither of the named defendants, however, is a "person" for purposes of litigation under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state); *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Accordingly, it is appropriate to dismiss the named defendants from the plaintiff's action under 42 U.S.C. § 1983.

Finally, to the extent that the plaintiff is attempting to assert state-law claims, the court declines to exercise supplemental jurisdiction. *See Brown v. Peterson*, 156 F. App'x 870, 871 (8th Cir. 2005) (concluding decision to exercise supplemental jurisdiction over state-law claim is discretionary); *see also McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) (indicating subsection (c) of 28 U.S.C. § 1367 clearly gives a court discretion to reject jurisdiction over supplemental claims).

In light of the foregoing, the plaintiff's complaint shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket nos. 2, 3, 4 & 5) is granted.

(2) The plaintiff is directed to submit an initial partial filing fee of $2.07 by no later than November 28, 2014. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(3) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel (docket no. 6) is denied.

**DATED** this 3rd day of November, 2014.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Fort Dodge Correctional Facility, Fort Dodge, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeffrey John Becker, #1152374, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Becker v. Fort Dodge Correctional Facility et al.*, Case No. C14-3051-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $2.07, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa